**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MAXIMILIANO AGUILAR-CORTEZ** ) | CASE NO.5:06CR0391 |
| ) | 5:08CV2055 |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. ) | |
| **UNITED STATES OF AMERICA** ) | OPINION AND ORDER |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF #21).  Petitioner alleges ineffective assistance of counsel for failing to raise the issue of sentence disparities. For the following reason, the Court dismisses Petitioner's Motion.

## **FACTS**

On August 16, 2006, a federal grand jury returned a single count indictment against Petitioner.  Petitioner was charged with one count of Illegal Re-entry After

1

Deportation in violation of Title18, United States Code, Section 1326.  On October 13, 2006, Petitioner pled guilty to the indictment.  On January 3, 2007, Petitioner was sentenced to fifty-seven months followed by three years of Supervised Release.  He was ordered to pay a special assessment of $100.00, and surrender to Immigration and Customs Enforcement for deportation.

## **STANDARD OF REVIEW**

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner contends he received ineffective assistance of counsel, however his Motion to Vacate is not timely filed, as a one year statute of limitations applies to cases brought under Section 2255.  The statute of limitations applicable to section 2255 claims is one year, as set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Antiterrorism and Effective Death Penalty Act of 1996, P.L. No. 104-132, 110 Stat. 1214, §105. *See United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006). This one-year period  begins at the latest of the following:

    (1) the date the conviction becomes final;

    (2) the date when any governmentally-created impediment that is in violation of federal statutory law or the U.S. Constitution is removed;

(3) if the right is newly recognized and designated retroactive for cases on collateral review, the date of its initial recognizance, or

(4) the date when facts supporting the claim or claims presented could have been discovered by the exercise of due diligence.

As the Government points out, Petitioner does not argue that any action violative of federal statutory or constitutional law impeded him from filing. Also, the right is not newly recognized or retroactive, nor does Petitioner allege that it is. Finally, there is no indication that any facts now present were not known to the Petitioner, and he does not argue that his claim is made in light of any new facts. This Court agrees with the Government that the second, third, and fourth subsections are not relevant. Therefore, Petitioner must meet the statute of limitations under the first criteria, that is, he must have filed a section 2255 motion within one year of the date the judgment of the conviction becomes final.

Petitioner was convicted of Illegal Reentry After Deportation, a violation of 18 U.S.C. §1326, on January 4, 2007. He filed his pro se Motion to Vacate, Set Aside, or Correct Sentence under Section 2255 on August 26, 2008. The Motion must have been filed by January 4, 2008 to be considered timely. As the Government correctly points out, Petitioner filed his motion over six months after the statute of limitations had run out under section 2255.

Therefore, for the foregoing reason, the Government's Motion to Dismiss is granted and Petitioner's Motion to Vacate, Set Aside or Correct Sentence is dismissed.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined Petitioner's Motion to Vacate is untimely,

Petitioner has failed to make a substantial showing of the denial of constitutional right.

Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

_1/15/2009_____            s/Christopher A. Boyko
Date                                          CHRISTOPHER A. BOYKO
                                                United States District Judge

4